# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# (MACON DIVISION)

| | |
|---|---|
| **Kimberly Stanley,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| **Government Employees Insurance Co.** ) | **JURY TRIAL DEMANDED** |
| **d/b/a GEICO.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

The Plaintiff Kimberly Stanley complains against the Defendant Government Employees Insurance Company (hereinafter "GEICO") as follows:

## JURISDICTION & VENUE

1. Plaintiff alleges that GEICO violated the Family and Medical Leave Act of 1993. Accordingly, this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2. Venue is proper in this Court because the Plaintiff worked out of the Defendant's Macon, GA call center and the conduct she complains about occurred in this judicial district.

## FACTS

3. In October 2021, GEICO hired the Plaintiff to work as a customer service representative in its Macon GA call center.

4. GEICO established minimum performance standards for customer services representatives. GEICO evaluates customer services representatives on a six-month basis to determine if they meet the minimum performance standards over a six-month look back period.

5. In February 2024, Ms. Stanley experienced a serious medical condition that made her unable to perform the essential functions of her job and she requested time off under the FMLA. Ms. Stanley was eligible to take FMLA leave because (1) she had been employed with GEICO for more than twelve (12) months and (2) had worked more than 1,250 hours during the preceding twelve-month period.

6. GIECO approved Ms. Stanley's request for FMLA leave for the period of February 20, 2024 through May 20, 2024.

7. Ms. Stanley returned to work on May 21, 2024 as a customer service representative.

8. On August 15, 2024, GEICO terminated Ms. Stanley's employment because her performance allegedly "fell below the minimum standards for January 1, 2024 – June 30, 2024." At the time of her termination, Ms. Stanley was classified as a tier 3 customer service representative.

9. GEICO did not adjust the minimum performance standards for the six-month period to reflect that Ms. Stanley was on approved FMLA leave for three out of the six months used in the evaluation period. GEICO included the three-month period during which Ms. Stanley was on FMLA leave in its evaluation of Ms. Stanley's performance. Because she was not handling customer service calls during her three-month FMLA leave, Ms. Stanley did not or could not meet the minimum performance standards.

## COUNT I

### FMLA- Interference

10. Under the FMLA, employers are prohibited from "interfering with" an employee's use of leave under the Act. 29 U.S.C. § 2615(a)(1). As a general matter, "employers cannot use

the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions . . . ." 29 C.F.R. § 825.220(c).

11.  As noted above, Ms. Stanley was eligible for FMLA leave and her FMLA leave was actually approved.

12.  However, though nominally approving Ms. Stanley's FMLA leave, GEICO interfered with her right to take leave and/or deprived her of the benefit of such leave by requiring her to meet a six-month performance standard when she was only at work for fifty percent of time during the evaluation period. *See*, *Wayland v. OSF Healthcare Sys.*, 94 F. 4th 654, 658 (7th Cir. 2024)("Interference would exist if, despite nominally granting her request for FMLA leave, it deprived her of the benefits of that leave by insisting on 100% of the workload to be performed in only 80% of the time.")

13.  GEICO terminated Ms. Stanley's employment because she did not meet its performance standards for the period of January 1, 2024 through June 30, 2024. GEICO. Ms. Stanley could not meet the performance standard for this period of time because she was on FMLA leave and the performance standard was not modified to reflect her approved FMLA leave and that she was not at work handling customer calls thus skewing her performance metrics during the six month look back period

14.  GEICO interfered with Ms. Stanley's right to take FMLA leave without suffering adverse consequence or having such leave constitute a negative factor in her performance evaluation or her right to reinstatement to her former position when it held her to the unadjusted performance standard for the six-month period and/or terminated her employment for failing to meet GEICO's six month minimum performance standard.

15.     Ms. Stanley suffered loss of employment, wages, benefits and/or other compensation as a result of GEICO's unlawful interference in violation of 29 U.S.C. § 2615(a)(1).

## COUNT II

### FMLA Retaliation

16.     The Family and Medical Leave Act also prohibits retaliation. *See* 29 U.S.C. § 2615(a) (2); *Moore v. City of Homewood*, No. 21-11378, 2023 U.S. App. LEXIS 431, at *27-28 (11th Cir. Jan. 9, 2023).  The Eleventh Circuit has recognized an FMLA retaliation claim if the employee can show that they engaged in statutorily protected activity, suffered an adverse employment decision and the adverse decision was causally related to the protected activity.

17.     As noted above, Ms. Stanley requested, was approved for and took FMLA leave between February 20, 2024 and May 20, 2024.  Requesting and taking employer approved FMLA leave constituted protected activity.

18.      Because she took three months of approved FMLA leave, Ms. Stanley could not, meet GEICO's unadjusted minimum performance standard for the six (6) month period that included her FMLA leave. Ms. Stanley could not meet the performance standard for this period of time because she was on FMLA leave and the performance standard was not modified to reflect her approved FMLA leave and that she was not at work handling customer calls thus skewing her performance metrics during the six (6) month look back period.

19.     GEICO's decision to terminate Ms. Stanley's employment for failing to meet its performance standard without adjusting for the time Ms. Stanley was on approved FMLA leave constitutes retaliation because Ms. Stanley lost her job because of her use of FMLA.  *See*, *Wayland v. OSF Healthcare Sys.*, 94 F. 4th 654, 658 (7th Cir. 2024)("Retaliation would exist if the jury concluded that she lost her job because of her use of FMLA leave.")  In other words, the only

reason Ms. Stanley did not meet the minimum performance standard for January 1, 2024 through June 30, 2024 was because she used FMLA.

20. GEICO knew that Ms. Stanley had used FMLA during the six-month evaluation period but still decided to terminate her employment by intentionally holding her to an unadjusted performance standard for the period January 1, 2024 to June 30, 2024.

21. Ms. Stanley suffered loss of employment, wages, benefits and/or other compensation as a result of GEICO's unlawful retaliation in violation of 29 U.S.C. § 2615(a)(2).

## PRAYER FOR RELIEF

22. Ms. Stanley respectfully requests the following relief as provided under 29 U.S.C. § 2617:

(a) reinstatement to her former position without loss of wages, promotions, seniority or other privileges of employment;

(b) lost wages, benefits and/or other compensation she would have received but for GEICO's unlawful interference with and/or retaliation under the FMLA;

(c) interest at the prevailing rate on the amount of lost wages, benefits and/or other compensation;

(d) liquidated damages equal to the amount of lost wages, benefits and/or other compensation plus interest on such liquidated damages;

(e) an award of reasonable attorneys' fees, reasonable expert witness fees and other costs of this action;

(f) such other equitable relief the Court deems appropriate to fully remedy any violation of the FMLA that Ms. Stanley establishes.

## **JURY DEMAND**

The Plaintiff demands a trial by jury on issues and claims subject to such trial.

/s/*Nicolas Stanojevich*
Nicolas Stanojevich
GA Bar No. 173544

Quinn, Connor, Weaver,
Davies & Rouco, LLP
4100 Perimeter Park South
Atlanta GA 30341
404-299-1211
nstanojevich@qcwdr.com


Serve Defendants:
**C T Corporation System**
289 S Culver St,
Lawrenceville, GA 30046-4805